IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TONY MADRID,**

        **Plaintiff,**

vs.                                                                                     No. CIV 04-0753 LCS

**JO ANNE B. BARNHART,**
**Commissioner of the Social**
**Security Administration,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412. (Doc. 19.) Plaintiff's counsel requests attorney fees in the amount of $10,986.43 for 70.89 hours of work associated with the federal litigation of Plaintiff's Social Security disability claim. (*See id.* at 1.)

Pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73(b), the parties consented to have me serve as the presiding judge and enter final judgment. (*See* Docs. 3, 5.) I do not find Plaintiff's motion to be well-taken and will **DENY** Plaintiff's counsel attorney fees.

### I.     PROCEDURAL BACKGROUND

Plaintiff filed his application for social security disability insurance and supplemental security income benefits on December 17, 2002. (Doc. 10 at 3.) The application was denied both initially and after a hearing by an Administrative Law Judge ("A.L.J."). (*Id.*) Plaintiff subsequently filed a complaint in this Court on July 2, 2004. (Doc. 1.) On April 13, 2005, I denied Plaintiff's motion to reverse and remand. (Doc. 14.) Plaintiff appealed my decision to the Tenth Circuit. (Doc. 16.) On April 14, 2006, the Tenth Circuit remanded the case for further

proceedings. *Madrid v. Barnhart*, 447 F.3d 788 (10th Cir. 2006). Plaintiff now requests EAJA fees in the amount of $10,986.43. (Doc. 19.) The Defendant objects to a fee award under EAJA, asserting that the position of the Commissioner was substantially justified and that the hours spent on Plaintiff's case were excessive. (Doc. 22.)

**II.     DISCUSSION**

The EAJA provides for an award of attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government does not dispute that Plaintiff is a prevailing party, nor does it argue that special circumstances exist. (*See* Doc. 22.) Rather, the Government asserts that its position was substantially justified. (*Id.* at 1-4.) To be substantially justified, the Government's position must have had a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted); *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citations omitted). In other words, the Defendant must show that it was "'justified to a degree that could satisfy a reasonable person.'" *Hadden*, 851 F.2d at 1267 (quoting *Pierce*, 487 U.S. at 565). "[T]he government bears the burden of showing that its position was substantially justified." *Id.* (citing *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987)). After carefully considering the briefs and relevant law, I find that Defendant has met its burden.

In its response to Plaintiff's motion, Defendant argues that its position was substantially justified because "reasonable minds could differ as to whether or not Plaintiff could perform the simple duties involved in light work even without the results of the rheumatoid factor test. (Doc. 22 at 2.) I agree. An A.L.J.'s duty to investigate issues presented by a *pro se* plaintiff "is not a

2

panacea for claimants, . . . which requires reversal in any matter where the ALJ fails to exhaust every potential line of questioning." *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994) (citation omitted). This duty does not transform the A.L.J. into a *pro se* plaintiff's advocate. *Henrie v. H.H.S.*, 13 F.3d 359, 361 (10th Cir. 1993) (citation omitted). Here, as in *Glass*, the A.L.J. considered extensive testimony by Plaintiff concerning the nature of Plaintiff's impairments and the impact of the impairments on his physical abilities: Mr. Madrid described his pain and its effect on his daily functioning; he responded to questions regarding his medications and efforts to alleviate pain; and he answered several questing related to residual functional capacity. (Doc. 14 at 6 (citing R. at 193-99).) *See Glass*, 43 F.3d at 1396. The similar testimony in *Glass*, together with the record, led the Tenth Circuit to hold that the A.L.J.'s "duty of inquiry was satisfied . . . ." *Id.* (citing *Younger ex rel. Younger v. Shalala*, 30 F.3d 1265, 1269 (10th Cir.1994) ("duty satisfied where record as a whole showed ALJ apprised himself of pertinent facts and circumstances")).

     Moreover, even without knowing the results of the rheumatoid factor test, reasonable minds could differ on whether Plaintiff could perform light work. As the Tenth Circuit has noted, "disability determinations turn on the functional consequences, not the causes, of a claimant's condition, and '[t]he mere diagnosis of [a medical condition], of course, says nothing about the severity of the condition . . . ." *Scull v. Apfel*, No. 99-7106, 2000 WL 1028250 at *1 (10th Cir. July 26, 2000) (alteration in original) (quoting *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir.1988)). For the foregoing reasons, I find that even though Defendant's position was ultimately deemed incorrect, Defendant did have a reasonable basis in law and fact. *Pierce*, 487 U.S. at 565 n.2; *see also Hadden*, 851 F.2d at 1269. Consequently, the Defendant's position was

3

substantially justified, and the Court will deny Plaintiff's motion for attorney fees.[1] *See Pierce*, 487 U.S. at 565.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 19) is **DENIED**.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Because I am denying Plaintiff's motion based on the issue of whether Defendant's position was substantially justified, I decline to rule on whether the hours Plaintiff's counsel worked on this case were excessive.